## J. Figuiere *v.* His Creditors.

Article C. P. 223, relates to an arrest for debt simply, where there is an apprehension that the debtor will leave the State or the jurisdiction of the court. The arrest of an applicant for the benefit of the insolvent laws, is provided for by the Act "relative to the voluntary surrender of property, and mode of proceeding," approved March 15, 1855.

There is no authority in that Act which authorizes a change in the order of arrest, by requiring a bond to be given with other conditions than those imposed by the District Court.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *G. & C. E. Schmidt*, for insolvent and appellant. *Durand & Hornor* for *Lefebvre.*

The following affidavit was made for the arrest of plaintiff: [Rep.]

Fourth District Court.—Personally came and appeared before me *F. Lefebvre* who, being duly sworn, deposes and says, that the commercial firm, of which he is a member, is a creditor of the insolvent *Joseph Figuiere* in the sum of two thousand three hundred and forty dollars; that said insolvent filed his petition for a cession, on or about the 14th February, 1856, in this honorable court, but has failed to file his commercial books and papers, as affiant is informed and believes; and affiant further shews that he has strong reasons to believe and fear that the debtor *Figuiere* may avail himself of the stay of proceedings to keep his person from his creditors; and that the said *Figuiere* has not surrendered all his property to his creditors, but has concealed a large amount of cash, and personal and real effects from his creditors. That he has converted his property into money, with a view to defraud his creditors, and has knowingly omitted to declare, in his schedule, some of his rights, claims and property. That affiant's information and belief is based upon what he has heard from others, of the acts and doings and sayings of the said *Figuiere* prior to his making a cession herein, together with his own knowledge of the said *Figuiere.*

F. LEFEBVRE.

Sworn to and subscribed before me this 16th February, 1856.

K. Loew, Dy. Clk.

Counsel for *Lefebvre* prayed the court to amend the judgment of the District Court, on the following ground [Rep.]:

Now, into this honorable court, by his attorneys, comes *Joseph Lefebvre,* appellee herein, and joins in this appeal and shows that there is error to his prejudice in these proceedings, from which *Figuiere,* the insolvent, has appealed, which this appearer now prays may be amended in conformity to law.

That this error consists in an erroneous order of court, entered on appearer's petition, commanding the Sheriff to arrest the insolvent and hold him in custody till he shall give bond, &c. &c. &c., conditioned "that if the charge of fraud complained of be established, said securities shall be liable for the debt of the complainant, *F. Lefebvre,* in case the said insolvent shall have departed the State without the leave of our said court." Whereas appearer shows that under the law the order should have read: "conditioned that the said *Figuiere* shall not depart from the State until he has made a fair and full surrender of his property, and complied fully and fairly with the laws relative to voluntary surrenders," as set forth in appearer's petition; and that the bond taken by the Sheriff be made to conform thereto.

Wherefore appearer prays that the judgment appealed from, be amended in his favor, as above set forth, with all general and equitable relief.

Spofford, J. The order of arrest in this case was granted upon an allegation of fraud, and the articles of the Code of Practice cited by the appellant, are irrelevant. They relate to an arrest for debt simply, where there is an apprehension that the debtor will leave the State or the jurisdiction of the court.

FIGUIRES
v.
CREDITORS.

The proceeding in this case, by *Lefebvre*, was authorized under the 22d section of the Act of March 15, 1855, "relative to the voluntary surrender of property, and mode of proceeding." Acts 1855, p. 436.

An answer to the merits of the petition of *Lefebvre* has been filed, and it would be premature for us to express an opinion thereupon, before that issue has been tried in the court of the first instance.

The appellee has moved to amend the order of arrest, by requiring a bond to be given with other conditions than those imposed already. We find no authority in the Act of March 15, 1855, (already cited,) which would justify such a change as that prayed for ; and that Act purports to repeal anterior laws upon its subject matter.

The judgment is affirmed, with costs.

Counsel for plaintiff applied for a re-hearing :

The Act of 1855, while it repeals all other Acts in relation to voluntary surrenders, carefully maintains in full force the provisions of the C. C. and the C. P. But in the latter code, there is but one article, viz : the 223d *in pari materia*, and it provides, that "a debtor, though he has called a meeting of his creditors, in order to make a surrender of his property, and has obtained a stay of proceedings against his person or property, may, nevertheless, be arrested, if one or more of his creditors declare on oath, before the court in which the failure took place, that such debtor intends departing from the jurisdiction of the court, to secrete his person from his creditors; provided they set forth specially the circumstances which have induced them to form such a belief."

This law, as we have already shown, remains in full force, notwithstanding the Act of 1855, and it is applicable to the present case, in which the insolvent had obtained a stay of proceedings against his person and property. But if it be the law of the land, and applicable to the case, we can perceive no good reasons why the insolvent should not be entitled to the protection it affords. It is a law *in pari materia* with the 22d section of the Act of 1855, relied on by the court, and should, therefore, be construed so as to give effect to both. (C. C. Art. 17, 7 L. 166, 17 L. 407, 9 R. 531, 1. A. 54, 2 A. 919.) Indeed we consider it no longer an open question, that laws *in pari materia* are to be construed so as to give effect to all their provisions.—See succession of Hebert, 5 A. 121.

But as it is obvious that the 22d section of the Act of 1855 does not specify how the complaint should be made, and the 223d Article C. P. does, the provisions of that article must be considered as supplemental to, and making part of the 22d section above quoted, and that unless a creditor has complied with the provisions of both, he is not entitled to the arrest of the insolvent.

We presume it will not be contended that the arrest of a debtor is not a harsh remedy, and that it should be resorted *to without a sufficient motive*. But if the insolvent did not intend to depart from the jurisdiction of the court, there is no cause whatever for his arrest, and the resorting to it without even alleging that he had an intention to depart, is a wanton aggression on his personal liberty, employed for no other assignable reason than to vex and harass him.

It appears to the undersigned that the only question that can possibly arise in this cause is this: has the 223d Art. C. P. been repealed ? for if it has not, its language is general and applies to all cases of arrest of insolvents who have surrendered their property and obtained a stay of proceedings.

We freely admit that we may have been remiss in not presenting the above considerations to the court, in arguing the cause, and we suppose that our citation of the 223d Art. C. P., in connection with the reserving clause of the Act of 15th of March, 1855, may have escaped the attention of the court ; for we are persuaded the reasons we have assigned and the authorities we have quoted plainly justify our conclusions, and entitle us to a reversal of the order of arrest.

Re-hearing refused.